# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

UNITED STATES OF AMERICA

V.

VELASQUEZ-Coronado, Lorenzo
AKA: Peralta, Cesar
(A92 439 692)

**CRIMINAL COMPLAINT**

NUMBER: 06-6098M

I the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about May 18, 2006, defendant, Lorenzo VELASQUEZ-Coronado, an alien, who entered and was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Nogales, Arizona on or about March 23, 2001, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission, in violation of Title 8 United States Code, Sections 1326(a) and enhanced by (b)(2). I further state that I am a Special Agent for the United States Department of Homeland Security and that this complaint is based on the following facts:

SEE ATTACHED STATEMENT OF PROBABLE CAUSE INCORPORATED BY REFERENCE HEREIN

AUTHORIZED BY: E. Whiffen, P.S., for Raynette Logan, AUSA

E. Jay Serrano
Name of Complainant

Signature of Complainant

Sworn to before me and subscribed in my presence,

at  Phoenix, Arizona
    City and State

Date: May 18, 2006

David K. Duncan
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## STATEMENT OF PROBABLE CAUSE

I, E. Jay Serrano, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed as an Immigration & Customs Enforcement Officer for over three (3) years. Based upon my personal observation, consultation with other Agents, and review of the records, I have learned the following facts:

2. On or about October 7, 2005, a routine record check with the ICE Law Enforcement Support Center revealed that an inmate in the custody of the Maricopa County Sheriff's Office (MCSO) at the 4th Ave. Jail in Phoenix was one Lorenzo VELASQUEZ, arrested by Phoenix Police for the offense(s) of: Domestic Violence and Probation Violation. Various record checks were conducted of ICE, state and national indices. These checks indicated that Alien Registration file A92 439 692 appeared to pertain to VELASQUEZ and that he had been previously removed from the United States to Mexico on March 23, 2001 at Nogales, Arizona after having been convicted of an Aggravated Felony. An ICE detainer on VELASQUEZ was placed with the jail.

3. On or about May 18, 2006, VELASQUEZ was released from 4th Ave. Jail to ICE custody. VELASQUEZ was advised of his constitutional rights and consular communication privileges, and stated that his true and correct name was Lorenzo VELASQUEZ-Coronado and that he was a citizen of Mexico and not a citizen of any other country and that he had been previously removed from the United States to Mexico, on or about March 23, 2001; and that he had neither applied for nor received permission to re-enter the United States before returning to this country on or about April 1, 2004. A comparison of fingerprints and photographs with those contained in VELASQUEZ'S file established his identity.

4. A review of the defendant's alien file revealed that he was convicted in the Superior Court of Arizona, for the following offense(s): On May 11, 1995, subject was convicted of Count 4: Possession of more than four pounds of Marijuana for Sale, in violation of A.R.S. 13-3405, 3401, 1003, 701, 702, 702.02, 801, and 812. Count 9: Conspiracy to sell Marijuana in violation of A.R.S. 13-3405, 3401, 1003, 701, 702, 702.02, 801, and 812. Subject was sentenced (concurrently) to five (5) years imprisonment for both counts.

   On September 25, 2000, subject was convicted of Count 1: Transportation of Marijuana for Sale, in violation of A.R.S. 13-3401, 3405, 3418, 701, 702, 702.01, 801. Subject was sentenced to four (4) years probation. He was subsequently removed from the United States to Mexico on or about March 23, 2001. The alien file contains no record of any attempt to secure permission to re-enter the United States made by the defendant prior to re-entry, confirming the defendant's admission.

5. For these reasons, the affiant submits that there is probable cause to believe that the defendant has re-entered the United States without permission after having been removed following a conviction for a felony.

E. Jay Serrano
Name of Complainant

Signature of Complainant

Sworn to before me and subscribed to in my presence, this day of May 18, 2006.

David K. Duncan
United States Magistrate Judge
Name and title of Judicial Officer

Signature of Judicial Officer